## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHUN HAO INDUSTRIAL CO., LTD. | ) |
| , | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIONIC PRODUCTS OF AMERICA, INC. | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AT LAW

**NOW COMES** the Plaintiff, SHUN HAO INDUSTRIAL CO., LTD., by and through its

attorney, Sanchez Daniels & Hoffman LLP, and for its Verified Complaint at Law against

BIONIC PRODUCTS OF AMERICA, INC., states as follows:

### PARTIES

1. SHUN HAO INDUSTRIAL CO., LTD., a foreign corporation located a C/.O15 F~1 No.

   596, Yuan-Haun E. Road, Feng-Yuan City, Taiwan, is an import trading company that

   also does business in the United States through as, SHUN HAO INDUSTRIAL LLC, 213

   Wedgewood Road, Southington, CT 06489 (collectively referred to hereinafter SHUN

   HAO").

2.  BIONIC PRODUCTS OF AMERICA, INC. (hereinafter, "BIONIC"),  is an Illinois

   corporation located at 3030 Commercial Avenue, Northbrook, Cook County, Illinois

   60062.

### VENUE/JURISDICTION

3. Pursuant to 28 USC § 1391(b)(1), venue is proper in the U.S. District Court for the

   Northern District of Illinois, Eastern Division, because the sole Defendant is a resident of

   the State of Illinois, in which the district is located.

4. Pursuant to 28 USC § 1332(a)(2), the U.S. District Court for the Northern District of Illinois has jurisdiction over this matter because the amount in controversy, $223,339.28, exceeds the sum or value of $75,000, and the controversy is between citizens of a State and citizens or subjects of a foreign state.

## BACKGROUND FACTS

5. Dave Alexander (hereinafter "Dave") is a natural person and the President of Shun Hao Industrial, LLC.

6. Scott Lerman (hereinafter, "Scott") is a natural person who serves as the President of BIONIC.

7. Prior to their current positions, Dave and Scott worked together and had an on-going business relationship.

8. On behalf of BIONIC, Scott called Dave and offered to purchase products/goods from SHUN HAO on a "TT30" payment term.

9. The "TT30" payment term meant that BIONIC was to make full payment to SHUN HAO within 30 days after the date the products/goods were placed onboard the container ship for transport.

10. On behalf of SHUN HAO, Dave accepted BIONIC's offer to purchase products/goods net TT30.

11. No written contract was drafted but an oral contract/agreement was formed.

12. Based on the oral agreement SHUN HAO opened an account for BIONIC.

13. As contemplated by their agreement, the parties had an ongoing business agreement.

14. Pursuant to the business agreement BIONIC would call or email SHUN HAO to place orders and, on receipt of BIONIC's orders, SHUN HAO would make arrangements to

have the products/goods ordered shipped to BIONIC or, at BIONIC's direction, SHUN HAO would ship the products/goods to BIONIC's customers/addresses designated by BIONIC.

15. Pursuant to the business arrangement, SHUN HAO would send an invoice to BIONIC and, within 30 days of the products/goods being placed upon container ships for delivery, BIONIC would pay SHUN HAO's invoices by wire transfer.

16. Between October 1, 2012 and April 29, 2013, BIONIC placed several offers to purchase products/goods by placing orders with SHUN HAO.

17. Pursuant to the terms of the ongoing agreement, BIONIC agreed to pay for the goods net 30TT.

18. SHUN HAO accepted each of BIONIC's offers to purchase.

19. SHUN HAO performed its duties under the agreement by shipping the goods to locations/customers as specified by BIONIC.

20. BIONIC and/or its customers accepted the goods delivered by SHUN HAO.

21. SHUN HAO sent invoices to BIONIC demanding payment for the goods.

22. BIONIC breached the agreement by failing to pay many of the invoices net 30TT.

23. SHUN HAO has made repeated demands to BIONIC for payment.

24. SHUN HAO has been damaged by BIONIC's refusal to pay.

25. The outstanding balance for all invoices is TWO HUNDRED AND TWENTY-THREE THOUSAND, THREE HUNDRED AND THIRTY-NINE DOLLARS AND TWENTY-EIGHT CENTS ($223,339.28).

## COUNT I.    BREACH OF CONTRACT

26. Plaintiff incorporates and re-alleges paragraphs 1-25 of this Complaint as if fully set forth herein.

27. The elements of a cause of action for breach of a contract, whether oral or written, include the existence of a valid and enforceable contract, performance by the plaintiff, breach of the contract by the defendant, and resultant damages or injury to the plaintiff.

28. The purchase agreement entered into by Dave and Scott on behalf of their respective companies was an a valid and enforceable contract.

29. SHUN HAO performed all of its duties under the contract by delivery products/goods.

30. BIONIC breached the contract by failing to pay for products/goods delivered.

31. BIONIC's breach of contract has resulted in damages to SHUN HAO in the amount of TWO HUNDRED AND TWENTY-THREE THOUSAND, THREE HUNDRED AND THIRTY-NINE DOLLARS AND TWENTY-EIGHT CENTS ($223,339.28).

**WHEREFORE**, SHUN HAO INDUSTRIAL CO., LTD, respectfully requests that this Honorable Court enter judgment in its favor, and against BIONIC PRODUCTS OF AMERICA, INC., in the amount of $223,339.28 and granting all other relief the Court deems just and reasonable.

## COUNT II.    ACCOUNT STATED.

32. Plaintiff incorporates and re-alleges paragraphs 1-25 of this Complaint as if fully set forth herein.

33. On behalf of SHUN HAO, Dave contacted BIONIC on several occasions demanding payment for past due invoices.

34. On behalf of BIONIC, Scott acknowledged that the invoices were past due and owing.

35. BIONIC acknowledged that it had ordered products/goods from SHUN HAO in previous transactions and that the account representing those transactions was true.

36. BIONIC acknowledged that the outstanding stated account balance of **$223,339.28** was correct.

37. BIONIC promised to pay SHUN HAO all outstanding amounts by March 1, 2013.

38. BIONIC did not pay SHUN HAO on March 1, 2013.

39. After March 1, 2013, BIONIC made several other promises to pay the balance of the outstanding invoices, but has failed to do so.

40. BIONIC's failure to pay the account stated has resulted in damages to SHUN HAO in the amount of TWO HUNDRED AND TWENTY-THREE THOUSAND, THREE HUNDRED AND THIRTY-NINE DOLLARS AND TWENTY-EIGHT CENTS ($223,339.28).

**WHEREFORE**, SHUN HAO INDUSTRIAL CO., LTD, respectfully requests that this Honorable Court enter judgment in its favor, and against BIONIC PRODUCTS OF AMERICA, INC., in the amount of $223,339.28 and granting all other relief the Court deems just and reasonable.

Respectfully submitted,

SANCHEZ DANIELS & HOFFMAN LLP
Attorneys for Plaintiff

___/s/___Bryan K. Duplechain_____
By: Bryan K. Duplechain, ARDC# 6284499
SANCHEZ DANIELS & HOFFMAN LLP
333 West Wacker Drive, Suite 500
Chicago, Illinois 60601
(312) 641-1555 Fax: (312) 641-3004