UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHUN HAO INDUSTRIAL CO., LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BIONIC PRODUCTS OF AMERICA, INC. ) <br> and SCOTT LERMAN, ) <br> ) <br> Defendants. ) | Case No. 13 C 5053 <br><br> Judge Joan B. Gottschall |

## ORDER

The motion to dismiss [15] filed by Defendant Bionic Products of America, Inc. ("Bionic") is denied. For details, see below. Bionic is directed to answer the amended complaint by 4/14/2014. Status hearing is scheduled for 4/18/2014 at 9:30 a.m.

## STATEMENT

After Plaintiff Shun Hao Industrial Co., Ltd. ("Shun") filed a complaint on July 15, 2013, Bionic moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). On March 6, 2014, Shun filed an amended complaint addressing jurisdictional deficiencies detailed in the court's February 19, 2014 order. The court stated in that order that it would construe Bionic's pending motion to dismiss as directed at the amended complaint, should one be filed. Bionic has not filed an answer to the amended complaint or an amended motion to dismiss.

In the amended complaint, Shun names Scott Lerman as an additional defendant. Count I of the amended complaint is a breach of contract claim against Bionic, while Counts II – V assert claims against Lerman. Count II of the original complaint, an "account stated" claim against Bionic, is not included in the amended complaint, and Bionic's motion to dismiss is denied as moot as to that count. Accordingly, this order addresses only the breach of contract claim against Bionic in Count I.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). Moreover, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995).

The following facts are drawn from the amended complaint and accepted as true for purposes of Bionic's motion to dismiss. Shun's manager had an ongoing business relationship with Bionic's president and CEO, Lerman. Beginning shortly before August 27, 2012, Lerman called Shun on Bionic's behalf and offered to purchase certain unspecified "products/goods" from Shun on a "TT30" payment term. (Am. Compl. ¶¶ 9-11.) This payment term required Bionic to pay Shun in full within 30 days after the items were placed on a container ship for transport. (*Id.* at ¶ 12.) Shun opened an account for Bionic and began accepting Bionic's orders and delivering product to Bionic. (*Id.* at ¶ 12.) The parties' practice was that Lerman would call or email Shun to place orders, Shun would have the products shipped, and Shun would then send an invoice to Bionic documenting the order. (*Id.* at ¶¶ 15-16.) The invoices contained the signature of Shun's agent, the description and quantity of goods ordered, and the total price of the goods. (*Id.* at ¶ 16.) Bionic and Lerman accepted the goods shipped by Shun.

Between August 27, 2012, and April 29, 2013, Shun shipped multiple orders to Bionic, which were accepted by Bionic. (*Id.* at ¶¶ 17, 20, 27.) Bionic and Lerman failed to pay Shun in full after Shun invoiced it, and this lawsuit followed. In Count I, Shun asserts that Bionic breached a contract by failing to pay the full price of the goods it received and accepted, and that Shun has been damaged in the amount of $223,339.28.

In its motion to dismiss, Bionic argues that the lack of a written agreement to purchase goods worth more than $500 means that Shun's complaint fails under the statute of frauds. The Illinois statute of frauds provides that:

> Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

810 ILL. REV. STAT. § 5/2-201(1).[2]

In response, Shun argues that although the parties had no written contract, the "merchant's exception" to the statute of frauds in the Uniform Commercial Code ("UCC") applies. *See* 810 Ill. Comp. Stat. § 5/2-201(2). The "merchant's exception" provides that:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received.

---

[2] Section 5/2-201 excludes specially manufactured goods that are not suitable for resale to others in the ordinary course of business, oral agreements supported by an in-court admission by the buyer as to the quantity of goods purchased, and "goods for which payment has been made and accepted or which have been received and accepted." 810 ILL. REV. STAT. § 5/2-201(3). Shun has not argued that one of these exclusions to the statute of frauds applies.

*Id.* Bionic did not file a reply in support of its motion to dismiss, although the court gave it an opportunity to do so. The court will, therefore, assume that the UCC governs the parties' dealings and that Shun and Bionic are both merchants under the UCC.

As noted above, the court must accept the complaint's allegations as true at the motion to dismiss stage. The amended complaint alleges that Shun sent Bionic invoices documenting Bionic's orders. The allegations permit the inference that Bionic took no action after receiving the invoices. These allegations support the application of the "merchant's exception" to the statute of frauds. This ruling is without prejudice to Bionic's ability to contest the actual invoices at a later time. *See Cent. Ill. Light Co. v. Consol. Coal Co.*, 349 F.3d 488, 490-91 (7th Cir. 2003) (affirming grant of summary judgment based on the statute of frauds and holding that "the documentation presented by the party seeking to demonstrate compliance with the statute of frauds must 'indicate' or 'confirm' the existence of a contract" and include quantity terms).

Bionic's motion to dismiss Shun's breach of contract claim in Count I of the amended complaint is denied.

ENTER:

DATED: March 27, 2014                    /s/
                                         JOAN B. GOTTSCHALL
                                         United States District Judge